UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS COATES,   CASE NO. 2:15-12901
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

               Plaintiff,

vs.

P. KLEE, et. al.,

               Defendants,
_____/

OPINION AND ORDER OF SUMMARY DISMISSAL

Marcus Coates, (plaintiff), currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a civil rights complaint pursuant to 42 U.S.C.§ 1983. On August 18, 2015, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to file pay the $ 350.00 filing fee and the $ 50.00 administrative fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. On the same day, Magistrate Judge R. Steven Whalen signed an order directing plaintiff to provide four additional copies of his complaint in order to effect proper service upon the defendants. To date, plaintiff has complied with neither order. For the reasons stated below, the complaint is dismissed with prejudice.

I. Discussion

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. §

1

1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

The Court dismisses the complaint for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency orders by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis,* as well as for his failure to provide the necessary copies for service upon the defendants. *See Erby v. Kula,*

113 F. App'x. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

Accordingly, the Court DISMISSES the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act and for failing to provide the Court with the requested copies needed to effect service upon the defendants. Because the case is being dismissed under these circumstances, the Court further ORDERS that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F.3d at 605.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 8, 2015.

s/Deborah Tofil
Case Manager